In re Thomas E. JAQUIS, Debtor.

Susan HARRIS, Plaintiff,

v.

Thomas E. JAQUIS, Defendant.

Bankruptcy No. 90–12546–8P7.
Adv. No. 91–145.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 12, 1992.

Jeffrey H. Friedman, Cleveland, Ohio, Dawn A. Carapella, Tampa, Fla., for plaintiff.

Jay B. Verona, St. Petersburg, Fla., for defendant.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon the Motion for Imposition of Sanctions Pursuant to F.R.B.P. 9011 against Jeffrey H. Friedman, attorney for the Plaintiff in the above-captioned adversary proceeding. The Court has considered the Motion, together with the record, and comments of counsel and finds the following facts are relevant to the matter under consideration.

Ms. Harris and the Debtor were married on December 9, 1989. However, the marriage did not last long. On February 21, 1990, the Debtor filed a Petition for Dissolution of the marriage in Circuit Court for Pinellas County, Florida, Case No. 90–3217–9. On February 26, 1990, Ms. Harris filed a Response to the Debtor's Petition, coupled with a "Request For Affirmative Relief." In her Response, Ms. Harris admitted that the allegations set forth in the Petition, with some exceptions, were not relevant. In her "Request for Affirmative Relief", Ms. Harris asserted an entitlement to temporary and rehabilitative alimony; attorney fees; a need to obtain funds to move her furniture back to Ohio; and a request that her maiden name be restored. In addition, she alleged in her Response that during her marriage to the Debtor, he infected her with genital herpes, a chronic condition which will require prescription medication and medical attention for the remainder of her life therefore, she sought a money award sufficient to enable her to meet the medical expenses connected with her infection. She also alleged that the Debtor battered her "by seducing her and fraudulently concealing his genital herpes condition" (sic).

Prior to the final hearing in the divorce proceedings, Plaintiff's counsel filed a Notice of Dismissal *without prejudice* of her request for affirmative relief based on her alleged contraction of genital herpes, but not the other reliefs sought by her in her Response to the Petition filed by her former husband. Neither the Court nor Defendant's counsel objected to the dismissal *without prejudice.*

On March 9, 1990, the Circuit Court entered the Final Judgment dissolving the marriage of the parties. The Final Judgment recited, inter alia, that neither Ms. Harris nor her attorney were willing to participate in a non-jury trial; and that the Court after having heard the testimony of the Debtor dissolved the bonds of marriage between the Debtor and Ms. Harris. The Judgment further provided that the temporary injunction previously entered by the Court was confirmed and made permanent, and each party was ordered to pay their own costs and attorney fees. Most importantly, the Final Judgment denied all of the remaining prayers for relief whether contained in Debtor's petition for dissolution of marriage or in Ms. Harris' request for affirmative relief.

The record further reveals that on July 13, 1990, Ms. Harris filed a suit in the U.S. District Court, Northern District of Ohio, Eastern Division, against the Debtor, and sought a money judgment in Count I based on negligence; in Count II based on negligence per se; in Count III based on damages based on fraud; in Count IV based on intentional infliction of emotional distress; in Count V based on negligent infliction of emotional distress; in Count VI based on loss of enjoyment of life. In her complaint, she sought compensatory, punitive and "hedonic" (sic) damages plus reasonable attorneys' fees.

Before the suit filed in Ohio came to resolution, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code which, of course, by virtue of the operation of the automatic stay, stopped all further proceedings in that action and compelled Ms. Harris to assert the claim of nondischargeability in this Court by virtue of § 523(c) of the Bankruptcy Code.

Based on these undisputed facts, the Debtor contended that based on the doctrine of *res judicata*, Ms. Harris is barred

to litigate her claim against him. The Debtor filed a Motion for Summary Judgment contending that there were no genuine issues of fact and that he was entitled to judgment in his favor as a matter of law. This court heard extensive argument on whether the doctrine of *res judicata* barred the Plaintiff from litigating her claim against the Debtor based on her medical condition because the Plaintiff could have litigated that issue in the divorce court. This Court took under advisement the Debtor's Motion for Summary Judgment, and the parties submitted extensive case authority on the issue.

The Court considered the comments of counsel, together with the case authority submitted by counsel, and wrote an extensive opinion and concluded that the Plaintiff was in fact barred from litigating her claim in the Bankruptcy Court by the doctrine of *res judicata.* Based on this Court's Order granting the Debtor's Motion for Summary Judgment, the Debtor filed a Motion under F.R.B.P. 9011 seeking to impose sanctions against Jeffrey H. Friedman, attorney for the Plaintiff, because of his pursuit of the Plaintiff's claim in the Bankruptcy Court. F.R.B.P. 9011 provides in pertinent part as follows.

Rule 9011. Signing and Verification of Papers

(a) Every petition, pleading, motion and other paper served or filed in a case ... shall be signed by at least one attorney of record ... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass to cause delay, or to increase the cost of litigation....

The very fact that this Court wrote such an extensive opinion on the issue of *res judicata* demonstrates that the issue is not a completely settled issue about which reasonable minds cannot differ. The arguments presented in support of and in opposition to the Motion for Summary Judgment were complex, and both the Plaintiff and the Defendant provided case law in support of their positions. In sum, this Court is satisfied that notwithstanding the fact that this Court granted the Debtor's Motion for Summary Judgment, the Plaintiff's Complaint was not interposed to harass, cause delay, or to increase the cost of litigation. Thus, the Court is satisfied that the Defendant's Motion for Sanctions Pursuant to Bankruptcy Rule 9011 against Jeffrey H. Friedman, attorney for the Plaintiff, should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions pursuant to F.R.B.P. 9011 against Jeffrey H. Friedman is hereby denied.

DONE AND ORDERED.